1 | THE LAW OFFICES OF KENNER & GREENFIELD
David E. Kenner (SBN 41425)
2 | 16633 Ventura Blvd., Suite 1212
Encino, CA 91436
3 | Telephone: (818) 995-1195
Facsimile: (818) 475-5369
4
Attorneys for Plaintiff
5

6

7

**UNITED STATES DISTRICT COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

9

10 | TYANNA LIZARRAGA, individually
and as successor-in-interest to Jose
11 | Albert Lizarraga Garcia,

12 |         Plaintiff,

13 |     vs.

14 | CITY OF INDIO;
and DOES 1-10,
15
16 |        Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment –Unreasonable or Excessive Force (42 U.S.C. § 1983);
2. Fourth Amendment –Denial of Medical Care (42 U.S.C. § 1983);
3. Fourteenth Amendment— Substantive Due Process (42 U.S.C. § 1983);
4. Municipal Liability—Failure to Train (42 U.S.C. § 1983);
5. Wrongful Death—Battery (California Law);
6. Wrongful Death—Negligence (California Law);
7. Wrongful death—Bane Act, Cal. Civil Code § 52.1 (California Law)

**DEMAND FOR JURY TRIAL**

17
18
19
20
21
22
23
24
25
26
27
28

Case No.
COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiff TYANNA LIZARRAGA ("Plaintiff"), for her complaint against the CITTY OF INDIO (the "City"), and Does 1-10 (all together, "Defendants"), alleges as follows:

### INTRODUCTION

1.     This wrongful death civil rights and state law action against the City of Indio and a number of its police officers is being brought by Tyanna Lizarraga, individually and as successor-in-interest to Jose Albert Lizarraga Garcia.

2.     Ms. Lizarraga's father died on January 22, 2021 in the course of being taken into custody by Indio police officers. Video recordings of the incident establish that the officers forcefully restrained Mr. Garcia chest down and placed a "spit mask" over his head and a restraint device around his legs.

3.     During the encounter, Mr. Garcia repeatedly, "I can't breathe," indicating to the officers that he was asphyxiating in the position in which he was being restrained. Despite his statements that he could not breathe, officers failed to move him out of the fatal position. He became unresponsive and subsequent efforts to resuscitate him failed.

4.     As a civil rights action that seeks to vindicate fundamental democratic and constitutional rights and redress the violation of these rights by law enforcement, this lawsuit is in the public interest.

### PARTIES

5.     At all relevant times, Jose Albert Lizarraga Garcia (the decedent) resided in the City of Indio in the State of California. The circumstances and events giving rise to this action occurred in the City of Indio.

6.     Tyanna Lizarraga is decedent's natural child and successor in interest pursuant to Cal.Code.Civ.P. § 377.32.

7.    At all relevant times, Defendants Does 1-10 were agents or employees of the City of Indio or the City of Indio Police Department. At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. Alternatively, to the extent that the City of Indio did not directly employ Does 1-10, those defendants were acting as agents of the City of Indio at all relevant times and subject the direction and control of the City of Indio. These defendants are sued to the extent they engaged in, integrally participated in, or failed to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

8.    Defendant City of Indio is responsible for Plaintiff's injuries by virtue of statutory indemnity and vicarious liability as well as by virtue of direct liability under the principles of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). At all relevant times, Defendant City of Indio was a duly organized public entity, existing under the laws of the State of California. Defendant City of Indio is a chartered subdivision of the State of California with the capacity to sue and be sued.

9.    Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, Defendants Does 1-10 were acting on the implied and actual permission and consent of the City of Indio.

10.    The true names of Defendants Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11.    Defendants Does 1-10 are directly liable for Plaintiff's injuries under state and federal law and are sued in their individual capacities for damages only.

Case No.
COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

12.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Indio, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    The foregoing allegations are incorporated as if re-alleged herein.

15.    Jose Albert Lizarraga Garcia died on January 22, 2021 in the course of being taken into custody by the defendant Indio police officers.

16.    Video recordings of the incident establish that the officers forcefully restrained Mr. Garcia and placed a "spit mask" over his head and a restraint device around his legs.

17.    During the encounter with the police, Mr. Garcia said, "I can't breathe." He eventually became unresponsive and subsequent efforts to resuscitate him failed.

18.    Plaintiff alleges that the actions of the officers, including specifically the use of force and the way that her father was restrained, constituted a cause of her father's death.

19.    Plaintiff timely presented a claim to the City of Indio pursuant to Government Code Section 945.6 on July 16, 2021 (claim #3010458), which the City of Indio rejected on July 21, 2021. Pursuant to that government code section, this complaint is timely filed within six months of the rejection of that claim.

Case No.
COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive or Unreasonable Force

### (42 U.S.C. § 1983)

(Against Does 1-10)

20.    The foregoing allegations are incorporated as if re-alleged herein.

21.    The acts of Does 1-10 deprived the decedent of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated the decedent's right to be free from unreasonable seizures of his person under the Fourth Amendment to the U.S. Constitution.

22.    The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

23.    Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

24.    Plaintiff seeks both survival and wrongful death damages, compensatory damages, punitive damages, and attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care

### (42 U.S.C. § 1983)

(Against Does 1-10)

25.    The foregoing allegations are incorporated as if re-alleged herein.

26.    The acts of Does 1-10 deprived the decedent of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated the decedent's right against unreasonable denial of medical care under the Fourth Amendment to the U.S. Constitution.

27.    The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

Case No.
COMPLAINT FOR DAMAGES

28.   Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

29.   Plaintiff seeks both survival and wrongful death damages, compensatory damages, punitive damages, and attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### Fourteenth Amendment – Substantive Due Process

(42 U.S.C. § 1983)

(Against Does 1-10)

30.   The foregoing allegations are incorporated as if re-alleged herein.

31.   The acts of Does 1-10 deprived the decedent of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated the decedent's right to substantive due process under the Fourteenth Amendment to the U.S. Constitution.

32.   In addition, the acts of Does 1-10 deprived the Plaintiff of her particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated the Plaintiff's right to substantive due process under the U.S. Constitution and her right against unreasonable state interference with her familial relationship with her father under the First and Fourteenth Amendments to the U.S. Constitution.

33.   The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

34.   Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

35.   Plaintiff seeks both survival and wrongful death damages, compensatory damages, punitive damages, and attorney fees under this claim. She brings this claim both individually and as the decedent's successor in interest.

Case No.
COMPLAINT FOR DAMAGES

# FOURTH CLAIM FOR RELIEF

## Municipal Liability – Failure to Train

### (42 U.S.C. § 1983)

### (Against Defendant City of Indio)

36.    The foregoing allegations are incorporated as if re-alleged herein.

37.    The acts of Does 1-10 deprived the decedent and Plaintiff of their particular rights under the United States Constitution, as alleged above.

38.    Plaintiff alleges that the training policies of the defendant City of Indio were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, including the proper restraint of subjects, the proper use of restraint devices and spit hoods, and the necessity of avoiding restraint positions, devices, and techniques that individually or in combination pose a danger of restraint or positional asphyxiation. Plaintiff alleges that this inadequate training, which was manifest in the encounter with decedent, constituted deliberate indifference on the part of the City of Indio to the rights of decedent and Plaintiff and others similarly situated and played a substantial part in bringing about and actually causing decedent's death.

39.    Plaintiff seeks both survival and wrongful death damages, compensatory damages, and attorney fees under this claim. She brings this claim both individually and as the decedent's successor in interest.

# FIFTH CLAIM FOR RELIEF

## Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)

### (Against All Defendants)

40.    The foregoing allegations are incorporated as if re-alleged herein.

41.    The acts of Does 1-10 constituted battery by a peace officer under California law and were a substantial cause of the decedent's death. As a consequence, Plaintiff has been deprived of the life-long love, companionship,

1 comfort, support, society, care and sustenance of decedent, and will continue to be

2 so deprived for the remainder of her natural life.  Plaintiff also claims funeral and

3 burial expenses and a loss of financial support.

4       42.    The conduct of Does 1-10 was malicious, oppressive or in reckless

5 disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

6       43.    Defendant City of Los Angeles is vicariously liable for the wrongful

7 acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code,

8 which provides that a public entity is liable for the injuries caused by its employees

9 within the scope of their employment if the employee's act would subject him or her

10 to liability.

11       44.    Plaintiff seeks compensatory damages and punitive damages under

12 this claim.

13 **SIXTH CLAIM FOR RELIEF**

14 **Negligence (Cal. Govt. Code § 820 and California Common Law)**

15 (Wrongful Death)

16 (Against All Defendants)

17       45.    The foregoing allegations are incorporated as if re-alleged herein.

18       46.    The acts of Does 1-10 constituted negligence under California law

19 and were a substantial cause of the decedent's death. As a consequence, Plaintiff has

20 been deprived of the life-long love, companionship, comfort, support, society, care

21 and sustenance of decedent, and will continue to be so deprived for the remainder of

22 her natural life.  Plaintiff also claims funeral and burial expenses and a loss of

23 financial support.

24       47.    The conduct of Does 1-10 was malicious, oppressive or in reckless

25 disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

26       48.    Defendant City of Los Angeles is vicariously liable for the wrongful

27 acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code,

28 which provides that a public entity is liable for the injuries caused by its employees

1   within the scope of their employment if the employee's act would subject him or her

2   to liability.

3         49.   Plaintiff seeks compensatory damages and punitive damages under

4   this claim.

5

6                          **SEVENTH CLAIM FOR RELIEF**

7            **California Civil Code §52.1 – Bane Act (California Law)**

8                            (Against All Defendants)

9         50.   The foregoing allegations are incorporated as if re-alleged herein.

10        51.   California Civil Code Section 52.1 (the Bane Act) prohibits any

11  person from interfering with another person's exercise or enjoyment of his or her

12  constitutional rights by violence, threats, intimidation, or coercion.

13        52.   The acts of Does 1-10, as described above, interfered with the civil

14  rights of decedent, which are protected by both the California Constitution and the

15  United States Constitution, including without limitation decedent's rights to freedom

16  from unreasonable or excessive force.

17        53.   Does 1-10 successfully interfered with the above civil rights of

18  Plaintiff in a manner constituting violence.

19        54.   The conduct of Does 1-10 was malicious, oppressive or in reckless

20  disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

21        55.   As a result of the conduct of the Does 1-10, Plaintiff was harmed.

22        56.   Defendant City of Los Angeles is vicariously liable for the wrongful

23  acts of the individual pursuant to section 815.2(a) of the California Government

24  Code, which provides that a public entity is liable for the injuries caused by its

25  employees within the scope of their employment if the employee's act would subject

26  him or her to liability.

27        57.   Plaintiff seeks compensatory damages, punitive damages, and

28  attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in her favor and against all defendants as follows:

A.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.     For loss of financial support;

C.     Funeral and burial expenses;

D.     For punitive damages against the individual defendants in an amount to be proven at trial;

E.     For interest;

F.     For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988; and

G.     For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  January 13, 2021

By_____*s/ David E. Kenner*_____
David E. Kenner
Attorneys for Plaintiff

Case No.
COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a trial by jury.

3

4  DATED:  January 13, 2021

5

6                                              By_____*s/ David E. Kenner*_____
                                                     David E. Kenner
7                                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
                                                COMPLAINT FOR DAMAGES